IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge S. Kato Crews**

Civil Action No. 1:18-cv-01325-CMA-SKC

ASPEN CORPORATIONS, INC.,

    Plaintiff,

v.

SCOTT GORMAN, and
EDJSOURCE, LLC,

    Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS [ECF. #50]

Magistrate Judge S. Kato Crews

This order addresses Defendants Scott Gorman and EDJSource, LLC's ("Defendants") Motion to Stay Discovery Pending Resolution of Motion to Dismiss (the "Motion") [ECF. #50]. The Court has reviewed the applicable case law, and determined that oral argument will not materially assist the Court in its decision.[1] For the reasons below, the Motion is **DENIED**.

### DISCUSSION

Plaintiff Aspen Corporations, Inc.'s ("Aspen") First Amended Complaint alleges breaches of contract and fiduciary duty, tortious interference, and improper use of certain confidential information by Defendants. [ECF. #19 ¶1.] Defendants have filed a motion to dismiss or, in the alternative, seek transfer venue to the Southern District of Florida. [ECF.

---

[1] Plaintiff Aspen Corporations, Inc. did not file a response. Defendants represent that Plaintiff does not consent to the relief requested. [ECF. #50 p.6.]

1

#23.] Defendants move to dismiss Aspen's claims for lack of personal jurisdiction, venue, and failure to state a claim upon which relief can be granted. [*Id.*] Defendants now seek a stay of discovery while the motion to dismiss is pending. [*See* ECF. #50.]

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) Aspen's interests in proceeding expeditiously and the potential prejudice to Aspen of a delay; (2) the burden on the Defendants if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and, (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes a stay is not warranted.

First, Aspen has a presumptive right to proceed expeditiously with its claims. *See Alattar v. Bell,* No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014). This right "should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n*, 713 F.2d at 1484. Defendants have not identified any circumstances, let alone extreme circumstances, that warrant denying Aspen the right to proceed expeditiously. *Id.* (holding the movant bears the burden "to make a strong showing that the remedy [is] necessary for the movant and that the disadvantageous effect on others would be clearly outweighed."). Moreover, "motions to dismiss are denied far more often than they result in the termination of a case." *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010) Without prejudging the Motion, it is more likely than not from a statistical standpoint that a stay "would prove unnecessary." *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. March 2, 2007). It follows that the likelihood of prejudice to Aspen is relatively high should the Court enter a stay at this time. Therefore, the Court finds that the first factor weighs heavily against a stay.

The second factor also weighs against a stay. Defendants assert that "any potential prejudice to [Aspen] is offset by the burden of discovery on Defendants." [ECF. #50 ¶10 (citing cases).]. However, Defendants provide no support for their assertion. [*See generally id.*] Such conclusory assertions do not satisfy Defendants' burden. *See Weatherspoon v. Miller*, No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *1 (D. Colo. Apr. 19, 2011). While Defendants will undoubtedly incur some burden in proceeding with discovery, there is nothing to suggest that this burden is exceptional or unusual to this

case. *Chavez*, 2007 WL 683973, at *2 ("Defendants always are burdened when they are sued[.]") Accordingly, the second factor weighs against a stay.

The third factor weighs against a stay because delays resulting from a stay of discovery inconvenience courts by making the "docket less predictable and, hence, less manageable." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010).

Finally, the interests of non-parties and the public do not prompt the Court to reach a different result. Having balanced the five *String Cheese* factors, the Court finds that a stay of discovery is inappropriate.

Therefore, IT IS ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss [ECF. #50] is DENIED.

DATED January 18, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado